Leigh, J.
delivered the opinion of the Court.
Alonzo G. Bell was indicted at the May term 1851 of the Circuit court of Campbell, and at the same term he was tried and convicted. Before a jury was empanneled for his trial, he moved to quash the indictment. This motion was overruled, and he excepted to the opinion of the Court. He also offered a plea, which was rejected, and he again excepted to the opinion of the Court.
At the last term of this Court, he applied for a writ of error. The record then before the Court did not shew that the indictment had been found by the grand jury, and a writ of error was awarded. A full record has been certified to this Court, from which it appears that the indictment was found by a grand jury regularly empanneled. And we are now to enquire whether there is any error in the proceedings and judgment in the Circuit court.
In the indictment the Court is styled “ The Circuit Superior court of law and chancery,” and it is stated that the grand jury was empanneled at the October *603 term 1850 of the Court; whereas the true style of the Court is, the Circuit court, and in point of fact the grand jury which found the indictment was empanneled at the May term 1851 of the said Court. And it is insisted by the prisoner’s counsel that for the misdescription of the Court, and the misstatement as to the term at which the indictment was found, in the indictment, the Court ought to have quashed the indictment. And to sustain this position, the Court was referred to passages in Stark, on Cri. Plead. 258, and Archb. Plead, and Ev. in criminal cases 33. The passages cited from these authors apply to captions of records certified to the Court of King’s Bench from inferior Courts, and point out what the captions of such certified records ought to contain. But the caption in the present case is in proper form, and therefore these authorities do not apply to the question under consideration. There is in this case nothing wrong in the caption, and the defects, if defects there be, are in the indictment alone. Still the question remains whether the Court ought to have quashed the indictment for the misnomer of the Court and for the misstatement of the term at which the indictment was found.
A motion to quash an indictment is addressed to the discretion of the Court, and in cases of felony and other serious offences, Courts when the motion is made by the defendant, usually refuse to quash, unless upon the plainest and clearest grounds, but leave the party to a demurrer, or motion in arrest of judgment, or writ of error. 1 Chit. Or. Law 246, top paging, Phila. Edi. 1819. And the cases in which the Court, on the motion of the party accused, ought to quash are, where the Court has no jurisdiction ; where no indictable of-fence is charged ; or where there is some other substantial and material defect. 1 Chit. Cr. Law 248. Upon this authority, we are of opinion that the Circuit court rightly refused to quash the indictment for the defects *604 above mentioned. For these defects shew no want of jurisdiction, and an indictable offence is plainly set forth, and the defects complained of are merely formal, not affecting in the least the guilt or innocence of the accused, and not calculated to embarrass him. Indeed they are so wholly unconnected with the charge, that they ought perhaps to be regarded as surplusage. We have looked to the forms of indictments given in Starkie on Criminal Pleading; and in none of them is the style of the Court, or the term of "the Court at which the indictment was found, set forth. And the setting them forth in this indictment, if it be not surplusage was certainly useless, and for the insertion of useless matter an indictment ought not to be quashed.
The facts set forth in the rejected plea, were before this Court at the last December term, on the application of the prisoner for the writ of habeas corpus, in order that he might be discharged by reason that he had not been indicted within two terms after he had been remanded to the Circuit court to be tried. On that occasion after great consideration this Court was of opinion that two terms, such as the law comtemplates, had not elapsed; and that the prisoner had no right to claim his discharge on this ground. We have at this term reconsidered the question, and we have come to the same conclusion. We are therefore of opinion that the matter set forth in the plea was no ground of defence, and that the Circuit court rightly rejected the plea.
But there is a defect in the indictment, in not setting forth with sufficient certainty the county in which the larceny was committed, for which the judgment must be reversed. Campbell county is mentioned in the caption, and in the body of the indictment the county in which the larceny was committed is set forth in the following words, “ that Alonzo G. Bell late of the county of Roanoke in the State of Virginia, labourer, on the 10th day of March, in the year of our Lord one *605 thousand eight hundred and fifty, with force and arms at the parish of Russell and in the county aforesaid.” So that two counties had been previously mentioned before the county in which the larceny was committed is stated, and then the county where the larceuy was committed is stated by the words “ in the county aforesaid,” without stating to which of the previously named counties the word “ aforesaid” had reference. This manner of stating the county where the theft was committed, is insufficient. 1 Chit. Cr. Law 160; Arch-bold’s Pleadings and Evidence in criminal cases 49; 2 Gabbett’s Cr. Law 205; 1 Wms. Saund. 308, n. 1. According to some of these authorities, the word “aforesaid” refers to the county last before named. If this be the correct construction, the word “ aforesaid” referred to the county of Roanoke, and then the Circuit court of Campbell had no jurisdiction; and according to a part of these authorities, it is uncertain to which of the counties before named the word referred ; and the Court cannot say in which county the offence was committed. But whichever of these may be the true construction, all the authorities agree that the indictment is bad. And for this error the judgment must be reversed.
The judgment was as follows :
It seems to the Court here, that there is error in the said judgment in this, that it is not sufficiently alleged in the indictment that the stealing of the mare was committed in the county of Campbell: Wherefore it is considered that the said judgment be reversed and annulled. And this Court proceeding to give such judgment as the Circuit court ought to have rendered, it is further considered that the said Alonzo G. Bell go quit of the said indictment. And on the- prayer of the attorney general that the said Alonzo G. Bell may be held in custody to answer a good and sufficient indictment *606 to be exhibited against him in the Circuit court of Campbell, for the felonious stealing, taking and carrying away the mare in the aforesaid first indictment . mentioned, it is ordered accordingly, unless the said Alonzo G. Bell shall be discharged by the said Circuit court, or otherwise, by reason that there have been three regular terms of the said Court since his examination without his being tried, or unless he shall be otherwise legally entitled to be discharged.